IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STORMONT-VAIL REGIONAL MEDICAL CENTER, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08-4065-JAR |
| KATHLEEN SEBELIUS, SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER

Before the Court are plaintiff's Motion for Summary Judgment (Doc. 18) and Motion for

Oral Argument (Doc. 25). These motions have been fully briefed and the Court is prepared to

rule in part. As explained more fully below, the Court denies plaintiff's motion for summary

judgment because it is an inappropriate procedure by which the Court can decide an

administrative appeal and denies the motion for oral argument. The Court does not require the

parties to re-brief this administrative appeal, but instead will construe the existing briefs as

appellate briefs in a subsequent decision on the merits.

I.      Motion for Summary Judgment

On May 23, 2008, plaintiff filed its Complaint in this matter, styled "Complaint for

Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement." (Doc. 1).

The Complaint sets forth the Court's jurisdiction based on 42 U.S.C. § 1395oo(f), which

provides for judicial review of a determination by the Provider Reimbursement Review Board

("PRRB"). To be sure, plaintiff sets forth in its "Motion for Summary Judgment" its clear intent

to "obtain judicial review of a final administrative decision, including a decision relating to the jurisdiction of the PRRB, . . ."[1]  It then states: "The Court's decision of the parties' cross motions for summary judgment is dispositive of a hospital's appeal from the final determination of the Secretary," citing two cases: *Via Christi v. Leavitt*, No. 04-1026-WEB, 2006 WL 2773006 (D. Kan. Sept. 25, 2006) and *Bartlett Memorial Medical Center v. Thompson*, 347 F.3d 828 (10th Cir. 2003).[2]  Plaintiff does set forth "uncontroverted facts" that are comprised of certain aspects of the procedural history and administrative record in this matter.  Yet, plaintiff does not ask the Court in its brief to apply the summary judgment *standard* set forth in Fed. R. Civ. P. 56.

Defendant opposed plaintiff's use of the summary judgment procedure in its response brief, by way of a footnote, styling its own brief as a "Brief in Support of Agency Action" (Doc. 22).  Plaintiff responded to this argument in its "Response in Opposition to Defendant's Brief in Support of Agency Action and in Further Support of Plaintiff's Motion for Summary Judgment" ("Reply brief") (Doc. 23).  However, the argument about whether the briefs are properly styled as summary judgment motions takes place in the briefs on plaintiff's motion for oral argument.

There can be no doubt that plaintiff seeks judicial review of an administrative decision. The parties appear to agree that the appropriate standard of review in this matter is provided by the Administrative Procedure Act ("APA"): the Court "may set aside agency action only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[3]  In

---

[1](Doc. 19 at 21.)

[2]*Id.*

[3]*Via Christi Reg. Med'l Ctr. v. Leavitt*, 509 F.3d 1259, 1271 (10th Cir. 2007) (internal quotations omitted); *see* 5 U.S.C. § 706; 42 U.S.C. § 1395oo(f).

2

*Olenhouse v. Commodity Credit Corp.*,[4] the Tenth Circuit provided guidance on the proper

procedure to be used by the district court in conducting its judicial review pursuant to the APA.[5]

In that case, the parties both filed motions for summary judgment seeking judicial review of an

agency action, supported by statements of undisputed facts.  The district court decided the appeal

on these motions.  In admonishing this procedure, the Tenth Circuit explained:

> This process, at its core, is inconsistent with the standards for judicial
> review of agency action under the APA.  The use of motions for summary
> judgment or so-called motions to affirm permits the issues on appeal to be defined
> by the appellee and invites (even requires) the reviewing court to rely on evidence
> outside the administrative record.  Each of these impermissible devices works to
> the disadvantage of the appellant.  We have expressly disapproved of the use of
> this procedure in administrative appeals in the past, and explicitly prohibit it now.
> A district court is not exclusively a trial court.  In addition to its *nisi prius*
> functions, it must sometimes act as an appellate court.  Reviews of agency action
> in the district courts must be processed as appeals. In such circumstances the
> district court should govern itself by referring to the Federal Rules of Appellate
> Procedure. Motions to affirm and motions for summary judgment are
> conceptually incompatible with the very nature and purpose of an appeal.[6]

This Court is bound by the unambiguous holding in *Olenhouse* and finds that plaintiff's motion

for summary judgment is an inappropriate procedural mechanism for this Court to decide this

administrative appeal.

Plaintiff's only argument in support of using the summary judgment procedure is its

incorrect assertion that *Olenhouse* has been "overruled" by an unpublished district court decision

that decided a PRRB appeal on the parties' cross-motions for summary judgment.  First, it is

elementary that a lower court may not overrule a court of appeals.  But even if this proposition

---

[4]42 F.3d 1560 (10th Cir. 1994).

[5]*Id.* at 1579–80.

[6]*Id.* (footnotes and citations omitted).

3

could be seriously argued, the *Via Christi* case does not stand for the proposition that the summary judgment procedure is an appropriate method of determining an administrative appeal under the APA.  The parties in that case submitted cross-motions for summary judgment and the district court, in deciding the appeal, ruled on the motions.[7]  Judge Brown did not comment on, nor discuss the propriety of the summary judgment procedure.[8]  Notably, the Tenth Circuit decision affirming the district court did not mention "summary judgment" in its Order.[9]  The Tenth Circuit panel instead referred to the district court's opinion as affirming the Secretary's decision and reviewed that decision *de novo*.[10]  The Court does not accept the proposition that this opinion can be read to approve of a procedure that is not mentioned, particularly when considered in light of the explicit prohibition set forth in *Olenhouse*.

Nor does *Bartlett* provide the authority plaintiff seeks on this issue.  While that case was presented to the district court on cross-motions for summary judgment and the Tenth Circuit treated the appeal as an appeal of the district court's summary judgment rulings, the parties did not raise the issue and the court did not address it *sua sponte*.  Again, the Court declines to read the court's silence as authority that *Olenhouse* has been overruled.

In contrast to *Via Christi* and *Bartlett*, the Secretary does challenge the propriety of the

_____

[7]*Via Christi Reg. Med'l Ctr., Inc. v. Leavitt,* No. 04-1026-WEB, 2006 WL 2773006 (D. Kan. Sept. 25, 2006), *aff'd*, 509 F.3d 1259 (10th Cir. 2007).

[8]*See Webster v. Fall*, 266 U.S. 507, 511 (1924) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").  It is telling that plaintiff fails to provide the Court with a pinpoint citation to any case that it claims supports its position.  After reviewing this "authority," the Court concludes that no citation could be provided because such authority does not exist.

[9]*Via Christi Reg. Med'l Ctr., Inc*., 509 F.3d at 1261, 1271 ("we affirm the Secretary's denial of reimbursement . . . .  The district court agreed with the reasoning of the CMS Administrator and affirmed the Secretary's decision.").

[10]*Id.* at 1271.

4

summary judgment procedure here.  As stated above, this Court accepts *Olenhouse* as binding authority in this Circuit and declines to follow a procedure that has been so explicitly rejected by the Court of Appeals.[11]  Therefore, the Court denies plaintiff's motion for summary judgment.  However, given that the parties address the correct standard of review in their briefs, the Court will not require them to re-brief the issues in this case.[12]  Instead, the Court will treat plaintiff's brief in support of summary judgment as a brief in support of its appeal of the PRRB's decision.  The merits of the appeal will be decided in a subsequent order.[13]

## II.    Motion for Oral Argument

As the Court has already explained, this appeal will not be decided in the context of a summary judgment motion and Fed. R. Civ. P. 56 does not apply.  D. Kan. Rule 83.7.1 governs reviews of orders of administrative agencies and boards, and applies to this case.  That rule provides in part: "The decision of the court will be rendered upon the briefs and the record, without oral argument, unless otherwise directed by the court."[14]  To the extent the Court may exercise its discretion and allow oral argument in this matter, it finds that it would not materially assist the Court in resolving the issues presented in this appeal.  Accordingly, plaintiff's motion for oral argument is denied.

---

[11]*See also Staso v. United States*, 538 F. Supp. 2d 1335, 1337–38 (D. Kan. 2008) (denying motions for summary judgment in administrative appeal as an inappropriate procedure under *Olenhouse* and collecting cases).

[12]To be sure, defendant's response brief is not drafted as a response to a motion for summary judgment, but as a brief in support of the agency's action, as the parties clearly contemplated when the Scheduling Order was entered. (Doc. 12 ("Because this case involves the review of an administrative decision and because the parties agree on the relevant deadlines, the court sees fit to cancel the scheduling conference and to adopt the parties' proposed deadlines as follows.")).

[13]Given the time spent reviewing and deciding this discrete issue, along with the Court's busy calendar, the parties should expect some delay before a decision on the merits of this appeal is filed.

[14]D. Kan. R. 83.7.1(d).

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for

Summary Judgment (Doc. 18) and Motion for Oral Argument (Doc. 25) are **denied**.  The Court

will treat plaintiff's brief in support of summary judgment as a brief in support of its appeal of

the PRRB's decision and will address the merits of that appeal in a subsequent order.

Dated:  <u>July 28, 2009</u>

 <u>S/ Julie A. Robinson</u>

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE
