ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STORMONT-VAIL REGIONAL MEDICAL CENTER,<br><br>                    Plaintiff,<br><br>vs.<br><br>KATHLEEN SEBELIUS, SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Defendant. | Case No. 08-4065-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Stormont-Vail Regional Medical Center's ("Stormont") Motion for Remand (Doc. 52). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, Stormont's motion is dismissed for lack of jurisdiction.

*Background*

This case is an administrative appeal that required the Court to review the decision of the Provider Reimbursement Review Board ("PRRB") to decline to exercise jurisdiction over plaintiff hospital's appeal of Medicare reimbursement issues. On March 22, 2010, this Court issued its ruling:

> the PRRB's decision, as adopted by defendant, is **affirmed in part and reversed in part**. The decision is affirmed with respect to the PRRB's decision to decline jurisdiction on the issue of "Medicaid-eligible days services to patients eligible for Medicaid," as conceded by plaintiff. The decision is reversed with respect to the jurisdictional determination upon the "general assistance" days

issue. This matter is remanded to defendant for further
proceedings consistent with this opinion.[1]

A judgment was entered in accordance with this final order.[2]

On May 21, 2010, the Secretary filed a Protective Notice of Appeal, appealing "the Memorandum and Order and Judgment entered March 22, 2010."[3] This appeal was assigned Case No. 10-3122 by the Tenth Circuit Court of Appeals. On the same day, Stormont filed a Notice of Appeal, appealing "the Memorandum and Order [Doc. 40] and Judgment in a Civil Case [Doc. 41] entered March 22, 2010. Specifically, Stormont appealed that part of the Court's Memorandum and Order affirming the PRRB's decision to decline jurisdiction on the issue of "Medicaid-eligible days services to patients eligible for Medicaid" on the grounds of settlement."[4] This cross-appeal was assigned Case No. 10-3123 by the Tenth Circuit Court of Appeals.

On June 17, 2010, the Secretary filed a voluntary motion to dismiss its appeal in Case No. 10-3122. An appeal mandate was filed in this matter on June 18, 2010.[5] The Tenth Circuit's Order contains the case caption for both appeals, Case Nos. 10-3122 and 10-3123. The Order provides, in its entirety:

> This matter is before the court on Michael Leavitt's Motion to
> Dismiss Appeal in case number 10-3122. The motion to dismiss
> appeal number 10-3122 is granted. 10th Cir. R. 27.3(A)(9). A copy
> of this order shall stand as and for the mandate of the court in

---

[1](Doc. 40 (emphasis in original).)

[2](Doc. 41.)

[3](Doc. 42.)

[4](Doc. 43.)

[5](Doc. 51.)

2

> 10-3122. Briefing on the merits shall proceed in case number 10-3123. Appellant's opening brief for Stormont-Vail Regional Medical Center shall be served and filed on or before July 19, 2010.

*Discussion*

Following entry of the mandate, Stormont filed its motion to remand on the issue of general assistance days. If the Court grants this motion, it would entail remand to the PRRB for further proceedings consistent with the Court's March 22, 2010 Memorandum and Order. The Secretary opposes the motion on the grounds that this Court lacks jurisdiction because Stormont's appeal is still pending with the Tenth Circuit on the merits of the same Memorandum and Order. The Secretary urges that this pending appeal divests this Court of jurisdiction to remand, despite the fact that the pending appeal is on a separate issue.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[6] Stormont points to this United States Supreme Court jurisprudence and urges that the general assistance days issue is not one of "those aspect of the case involved in the appeal." The filing of a notice of appeal divests the district court of jurisdiction, except that the Court retains authority to decide certain collateral matters.[7] Additionally, "the mandate rule provides that a district court must comply strictly with the mandate rendered by the reviewing court."[8]

---

[6] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982) (per curiam); *see also United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996).

[7] *United States v. Carbajal-Moreno*, 332 F. App'x 472, 477 (10th Cir. 2009).

[8] *Copart, Inc. v. Admin. Review Bd., United States Dept. of Labor*, 495 F.3d 1197, 1200–01 (10th Cir. 2007) (quotation omitted).

While it is true that this administrative appeal presented two issues for disposition, those issues were presented in the same Complaint, briefed together by both parties, and decided together in one final decision, the March 22, 2010 Memorandum and Order, which is now pending appeal by Stormont.  Both parties explicitly appealed from this single Memorandum and Order, which addressed both the Medicaid-eligible days issue and the general assistance days issue.  The Court is unable to find that the general assistance days issue is properly classified as a "collateral matter," similar to attorneys' fees.[9]  As such, this Court is divested of jurisdiction on the merits of Stormont's appeal.  Importantly, the mandate issued by the Tenth Circuit does not direct this Court to further remand the general assistance days issue to the PRRB, as Stormont now suggests.  In fact, the mandate was issued with the case captions for both Stormont's appeal and the Secretary's cross-appeal.  The Tenth Circuit simply dismissed the appeal with no further instruction to remand.  Strictly construing this mandate, as the Court must, the Tenth Circuit did not reinvest this Court with jurisdiction to act on the merits of this administrative appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that Stormont's Motion for Remand (Doc. 52) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED**.

Dated: <u>December 14, 2010</u>

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      UNITED STATES DISTRICT JUDGE

---

[9]*See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).